## BERRIAN *v.* ROGERS *et al.*

### SAME *v.* COOK *et al.*, (three cases.)

*(Circuit Court, D. Colorado.* **June 20, 1890.)**

1. EXECUTORS AND ADMINISTRATORS—SALE OF LAND—PUBLICATION OF NOTICE.
   The regularity of the publication of notice to a non-resident heir, in proceedings in the probate court by an administrator to sell real estate to pay debts, cannot be questioned in ejectment against the purchaser at the sale.
2. FEDERAL COURTS—STATE STATUTE.
   The decision of the supreme court of a state, construing a state statute, is binding on the federal courts.

At Law.
*Wells, McNeal & Taylor,* for plaintiff.
*L. C. Rockwell* and *E. P. Hannon,* for defendants.

CALDWELL, J. This is an action of ejectment brought by Berrian against Cook and others. The case is this: An administrator was appointed for an estate, and he went before the probate court of the proper county, and filed a petition as required by the laws of this state, asking to be authorized to sell the real estate of his intestate to pay debts. That petition is very full and complete. No questions are raised about that, and such action was had on that petition as that it was granted, and a very full and elaborate order made by the court, authorizing and directing a sale of the real estate, and it was sold by the administrator. The sale was reported to the court and confirmed, and a deed made to the

purchasers at the sale. The plaintiff, deraigning title through one of the heirs of the estate to a parcel of that property, now brings ejectment on the assumption that that sale was void for non-compliance with the requirements of the statute of this state, in reference to the sale of the real property of the decedent by the administrator.

There is no occasion for me to go extensively into the questions raised by the case. The learned counsel for the plaintiffs concedes that all the questions raised in the case have been definitely and precisely decided by the supreme court of this state, and that, too, in a case involving the regularity of this very sale. Some of the heirs of the intestate or decedent appealed from that order of sale to the supreme court, and that court, sitting as a court of error, held that the proceedings were all regular; that the order of sale was proper, and that the title of the intestate to the property sold passed by that sale. In that suit every question now made in this was brought to the attention of the court, and was definitely passed on by the supreme court. The case has once been tried in this court before Judge HALLETT, whose judgment was the same as that of the supreme court. The statutes of this state give the beaten party in ejectment a second trial as of course, and so the case is before me for trial a second time. Independently of the decision of the supreme court, whose decision in the construction of the statutes of this state is binding upon this court, I should hold that this was a valid sale, on the authority of a long line of decisions of the supreme court of the United States. Undoubtedly the probate court had jurisdiction to do what was done in this case, and the only point raised is the question of the regularity of publication of the notice to one or more of the non-resident heirs. Now the supreme court of the United States has said a half-dozen times that you cannot raise that question collaterally in this proceeding. The rule seems not to be in accordance with the general doctrine on the subject of jurisdiction, but in this class of cases they maintained that doctrine. An interesting case on this subject is *Mohr* v. *Manierre*, 101 U. S. 417. The guardian of an insane man applied to the probate court for authority to sell his real estate to pay his debts and to support him. The usual proceedings were had; the order of sale made; the property sold; deed made; presently the man was restored to his senses, and when restored to his senses brought ejectment to recover the property back, on the ground that the proceedings for the sale were void for want of the required notice of the petition to sell. Now it happened at that sale there were two purchasers of different parcels,—one man purchased one parcel of that property, and another man purchased another parcel. When the man who had been restored to his senses brought his actions, it happened that one of the purchasers was a citizen of another state than Wisconsin, and when he was sued he removed his cause into the circuit court of the United States, so that one case was progressing in the circuit court of the United States and another in the state court. The case in the state court went to the supreme court of the state of Wisconsin, and they decided the deed was void, because the notice required by statute to those interested of the petition to sell had not been given as

required by the statute. The other case progressed, and finally went on certificate of division of opinion between the circuit judges to the supreme court of the United States, and, notwithstanding the decision of the supreme court of Wisconsin, the supreme court of the United States held that the purchaser got a good title. Mr. Justice Field, delivering the opinion of the court, says:

"We shall assume, however, that the notice was not published for the full period described, and the question for consideration [that is the very question in this case] is whether such omission, all other requisites of the statute having been complied with, rendered the order of the court invalid as against the plaintiff Mohr."

That question Justice Field answers in the negative, and quoting from the case of *Grignon's Lessee* v. *Astor*, 2 How. 319, says that it is the settled doctrine of the supreme court of the United States, and declines to be bound by the judgment of the supreme court of Wisconsin in this case. But in the case at bar the publication of notice seems to have been made in exact conformity to the requirements of the statute. The supreme court of the state so decided, and an independent investigation of the question leads me to the same conclusion. Let judgment be entered for the defendant.